## Emilio Vidales v. The State.

No. 12690.   Delivered November 20, 1929.

The opinion states the case.

*Mason Maney* of Pearsall, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

Fox, the purchaser, (a youth 16 years of age) testified thus: "I got some liquor from him; got a pint and paid him one dollar for it."

Sutton, the sheriff of Frio County, testified that while he and Taylor were in the part of the town occupied by Mexicans and near a restaurant in their automobile with their lights turned out, they observed the boy (Fox) go to the door of the restaurant, put his head in the door and then leave. Some 15 minutes later the appellant walked to Fox and handed him a bottle. The boy handed the appellant something which the witness took to be money. The sheriff apprehended the Mexican and the boy and found a bottle of whisky in the possession of the latter. Taylor, who was in company with Sutton, gave substantially the same testimony and further testified that the liquid was whisky.

The appellant testified that he was requested by Fox to do the favor of obtaining some whisky for him; that he told Fox he had no whisky; that he consented to try to find some for Fox and received from him a dollar which he used in procuring a bottle of

whisky which he delivered to Fox; that his action in the premises was simply that of a friend or agent and not as a seller. On cross-examination the appellant testified that he obtained the liquor from a man who left immediately. The man was on the street outside of the restaurant. Appellant said: "Do you have liquor? Then I gave him a dollar and he handed me a bottle." This was behind the restaurant. The appellant came around in front of the restaurant and gave the bottle to Fox.

The appellant was cross-examined with reference to having made some contradictory statements outside of court conflicting with his testimony upon the trial.

There are no complaints of the rulings of the trial court except that in overruling the motion for new trial. The substance of the motion is that the appellant acted as the agent of Fox in procuring whisky and was without interest in or profit from the transaction; that the whisky was bought from Madalineo Salinas with the money of Fox and for his accommodation; that he was a poor man, a Mexican laborer, and was tried without a lawyer.

Attached to the motion is the affidavit of J. C. Campbell to the effect that Vidales, an ignorant, uneducated Mexican, came to the affiant immediately after he was indicted and asked for advice; that the affiant confered with the officers and through misunderstanding got the impression that the case would not be called until the August term of court. Influenced by such impression the affiant suggested that the employment of an attorney be deferred and that if necessity arose and came to the knowledge of the affiant, the appellant would be advised. No lawyer was procured and the affiant learned on the night of the 13th of February that the case would be called for trial the following day; that during the interval he had no opportunity to talk to Vidales. The facts are not deemed such as to warrant this court in annulling the verdict. The trial judge was in a far better position to determine the merits of the motion for new trial than are the members of this court. The evidence adduced upon the trial seems sufficient to warrant the verdict. His defense rested upon his own testimony which was before the court. There is perceived no abuse of the discretion of the trial judge in overruling the motion for new trial.

The judgment is affirmed.

*Affirmed.*